# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JEFFREY SHANKS,**

    Plaintiff,

v.

**MARGO SCHWADRON, and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,**

    Defendants.

Civil Case Number:
**4:26-CV-36-RH-MJF**

## CONSENT MOTION FOR AN EXTENSION OF TIME

The United States of America hereby files this motion to respectfully request a 45-day extension of time to answer until April 17, 2026, to determine whether the United States is the proper defendant in this case. Plaintiff consents to the United States' request for a 45-day extension of time.[1]

On January 22, 2026, Plaintiff filed the Complaint in this Action;[2] and on February 10, 2026, served Defendant Margo Schwadron, a current government

---

[1] The United States has not conferred with co-Defendant PEER, because they have not made a Notice of Appearance and the undersigned does not have contact information for Defendant's counsel.

[2] On February 10, 2026, Plaintiff filed a lawsuit against the United States Office of the Special Counsel, 4:26-cv-73-MW-MJF, alleging Privacy Act violations. Plaintiff served the United States Attorney's Office on February 17, 2026, with the Summons and Complaint in that action.

1

employee who was working for the National Park Service during the relevant periods alleged in the Complaint. ECF 1, 5. The Complaint alleges that Defendant Schwadron committed "intentional tortious activity" while she was working as an "archeologist for the NPS Southeast Archeological Center in Tallahassee, Florida." ECF 1, ¶¶ 13, 14.

On February 24, 2026, the United States first became aware of this lawsuit when Defendant Schwadron requested that the United States represent her in this Action.[3] Although Defendant Schwadron has been sued in her individual capacity, it is unclear at this time whether the actions alleged in this lawsuit occurred in the scope of her employment under Florida law. If so, the United States would be required to be substituted for Schwadron as the Defendant in this Action. "Under § 2679(d)(1), the district court is required to substitute the United States as a defendant for the defendant federal employee once the United States Attorney has certified that

---

[3] The United States has not been served with the Complaint in this Action pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. When an employee is served in their individual capacity "in connection with duties performed on the United States' behalf[,]" three entities must be served to properly complete service on the United States: the United States Attorney General, the United States Attorney's Office within the District where the action is brought, and the government employee. *See* Fed. R. Civ. P. 4(i)(3); *Noble v. Kendall*, Case No. 3:24-cv-66-TKW-ZCB, 2024 WL 4359919, *2 (N.D. Fla. Sep. 3, 2024) (citing *Marcus v. Postmaster Gen.*, 461 F. App'x 820, 821 (11th Cir. 2011) (affirming dismissal of the Complaint because Plaintiff did not properly perfect service under Rule 4(i) within the time limits of Rule 4(m)).

the employee's actions occurred within the scope of his employment."[4] *Burns v. United States*, 809 F. App'x 696, 700 (11th Cir. 2020) (cleaned up) (citing *Matsushita Elec. Co. v. Zeigler*, 158 F.3d 1167, 1169 (11th Cir. 1998)). "The language of § 2679(d)(1) is mandatory and provides that the United States 'shall be substituted' upon certification." *Burns*, 809 F. App'x at 700. The United States is in the process of determining whether Defendant Schwadron was acting within the scope of her employment during the activity alleged in the Complaint.

WHEREFORE, the United States respectfully requests a 45-day extension of time to the answer deadline to determine whether Defendant Schwadron was acting within the scope of her employment during the alleged tortious activity set forth in the Complaint.

          Respectfully submitted,

          JOHN P. HEEKIN
          United States Attorney

          */s/ John C. Spaccarotella*
          **John C. Spaccarotella**
          Assistant United States Attorney
          New York Reg. No: 4304291
          21 E. Garden Street, Suite 300
          Pensacola, FL 32502
          Telephone: 850-444-4046
          Email: john.spaccarotella@usdoj.gov
          Counsel for United States of America

---

[4] Plaintiff may challenge the certification and substitution of the United States should the United States ultimately determine that Defendant Schwadron was acting within her scope of employment. *See Burns*, 809 F. App'x at 700.

## LOCAL RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that on February 25, 2026, I conferred with counsel for Plaintiff through email who consented to a 45-day extension of time for the United States to make its scope of employment determination.

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that this memorandum contains 601 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing has been furnished via CM/ECF to all interested parties, this 25th day of February, 2026.

*/s/ John C. Spaccarotella*
**John C. Spaccarotella**
Assistant United States Attorney
Counsel for United States of America