**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JEFFREY SHANKS,

     Plaintiff,

v.                                 Case No.: 4:26-cv-36-RH-MJF

MARGO SCHWADRON and
PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,

     Defendants.

_____/

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Jeffrey Shanks ("Plaintiff") and Defendants Margo Schwadron ("Schwadron") and Public Employees for Environmental Responsibility ("PEER," and together with Schwadron, the "Defendants") (collectively, the "Parties"), by and through their counsel, hereby stipulate and agree to the terms of the following Stipulated Protective Order ("Order"); accordingly, it is ORDERED:

    1.     **Scope of Order; Definitions.**

      (a)    The term "Action" refers to the lawsuit captioned *Jeffrey Shanks v. Margo Schwadron and Public Employees for Environmental Responsibility,* No. 4:26-cv-0036-RH-MJF (N.D. Fla.).

      (b)    The term "Party" or "Parties" refers to any one or more of

3

Plaintiff Jeffrey Shanks and Defendants Margo Schwadron and PEER.

(c)    The term "Producing Party" or "Producing Parties" refers to any Party, person, or entity that produces Discovery Materials, including, without limitation, a deponent who provides testimony.

(d)    The term "Receiving Party" or "Receiving Parties" refers to any Party, person, or entity that receives Discovery Materials, either directly from a Party or from another Receiving Party.

(e)    The term "Document" means all tangible items, whether written, recorded, or graphic, whether produced or created by a Party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise.

(f)    The term "Discovery Materials" means all information produced or disclosed through discovery in the Action and all information derived therefrom, including, but not limited to, all originals and copies of Documents, objects or things, deposition transcripts, responses to written discovery, information, or any other written, recorded, graphic matter produced by any Producing Party in the course of this Action, or information derived from them in whatever form. This Order governs the designation, use, disclosure, and handling of Discovery Materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as defined in this Order, and materials containing, reflecting, summarizing, or derived from information so designated.

4

(g)    The term "Confidential" means non-public Discovery Materials that the Producing Party reasonably and in good faith believes qualify for protection under Rule 26(c) because public disclosure would likely result in a clearly defined and identifiable harm. In accord with Rule 26(c), such harms include, but are not limited to legitimate privacy, governmental, business, security, or other legally protected interests; annoyance, embarrassment, oppression, or undue burden or expense of the producing party; risk of intimidation, harassment, or adverse consequences to a reporting person, witness, source, or non-party, impairment of protected reporting activity; and professional or reputational harm arising from disclosure. Confidential information may include: (i) non-public personal identifying information, including Social Security numbers, driver's license numbers, financial account numbers, dates of birth, personal contact information, medical information, or similar information protected by law; (ii) non-public personnel, disciplinary, employment, or human resources records of current or former employees or other individuals whose legitimate privacy interests would be materially harmed by unrestricted disclosure; (iii) non-public investigative materials, law-enforcement information, or governmental records where disclosure would reasonably be expected to interfere with a pending investigation, reveal confidential investigative methods, disclose information protected by law, or materially invade the legitimate privacy interests of non-parties; (iv) non-public information identifying confidential sources,

5

witnesses, complainants, other non-parties, or reporting channels for which disclosure could create a risk of harassment, retaliation, intimidation, or other legally cognizable harm, including EEO, MSPB, grievance, arbitration, administrative, or other collateral proceeding materials; (v) non-public information concerning archaeological site locations, repatriation matters, or related tribal and governmental communications; (vi) non-public source communications, public-interest reporting materials, or advocacy communications used in conjunction with protected reporting activity as well as information about, internal processes for evaluating, preparing, or publishing public statements concerning governmental, environmental, cultural-resource, or public-employee matters; (vii) information that another statute, regulation, court order, or recognized legal privilege requires or authorizes to be maintained as confidential; and (viii) other non-public information for which the Producing Party can demonstrate that disclosure would likely result in demonstrable harm sufficient to warrant protection under Rule 26(c).

(h)    Information shall not be designated as Confidential merely because it concerns alleged misconduct, communications with government agencies, tribal communications, or because it may be embarrassing, unfavorable, or subject to public criticism. Information shall not be designated Confidential if it is publicly available, becomes publicly available through lawful means, was previously disclosed without restriction, or is otherwise not

entitled to protection under Rule 26(c).

(i)     The term "Highly Confidential – Attorneys' Eyes Only" means a specific subset of Confidential information for which the Producing Party demonstrates a reasonable and good-faith basis that disclosure to a party or other non-parties (as distinguished from counsel) would create a clearly defined and substantial risk of harm that cannot be avoided through a Confidential designation or redaction. The "Highly Confidential – Attorneys' Eyes Only" designation shall be used only in exceptional circumstances and not merely because the information is sensitive, or qualifies as "Confidential" under the parameters described in section (g) above. Such information may include, but is not limited to, (i) information that could reveal the identity, location, contact information, safety planning, or Protected Reporting Activity of a whistleblower, confidential source, complainant, witness, or other person who provided information concerning alleged misconduct; (ii) non-public communications with, or materials submitted to or received from, OSC, OIG, DOI, NPS, FWS, PEER, law-enforcement, tribal representatives, or other governmental or public-interest entities; (iii) highly sensitive source, member, donor, internal editorial, non-privileged legal, advocacy, or public-interest reporting materials where disclosure to a Party could reveal confidential sources, protected reporting relationships, funding-sensitive non-party information, or non-public reporting, advocacy, or publication processes; and (iv) any category of Confidential Discovery Materials listed above where

7

disclosure to a Party, rather than counsel or other authorized recipients, would create a substantial risk of improper pressure, intimidation, witness pressure, harassment, adverse employment or professional consequences, safety harm, cultural harm, site-security risk, law-enforcement sensitivity, or impairment of governmental, tribal, or protected reporting processes. Communications with governmental agencies are not presumptively entitled to "Highly Confidential – Attorneys' Eyes Only" designation. Where practicable, a party may designate a portion of a document as "Highly Confidential – Attorneys' Eyes Only" to exclude or limit the information subject to the designation.

(j)     The term "Confidential Discovery Materials" means Discovery Materials, testimony, transcripts, exhibits, responses, documents, information, copies, excerpts, summaries, oral communications, work product, and materials and information derived therefrom that are designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Order.

**2.     Designation of Confidential Discovery Materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."**

(a)     Confidential Discovery Materials may be designated by a Producing Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(b)     Any Document that the Producing Party intends to designate as Confidential shall bear the legend "Confidential" or "Highly

8

Confidential – Attorneys' Eyes Only." The legend shall be affixed to each page of the Document to be designated, but shall not obscure any part of the text.

(c) The Producing Party shall review each document individually before designating it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Blanket, categorical, or automatic designations are prohibited. Where practicable, only those portions of a document that qualify for protection shall be designated Confidential or Highly Confidential – Attorneys' Eyes Only, and the Producing Party shall use redaction rather than wholesale designation whenever redaction would adequately protect the asserted interest.

(d) If a Producing Party designates any documents or information in a production as "Highly Confidential – Attorneys' Eyes Only," the Producing Party shall notify receiving counsel, at or about the time the production is served, that the production contains materials so designated.

(e) By designating Discovery Materials as "Highly Confidential – Attorneys' Eyes Only," counsel for the Producing Party certifies, consistent with Rules 26(c) and 26(g), that counsel has conducted a reasonable review and has a good-faith basis to believe the designation satisfies the standards of this Order.

(f) The designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Documents shall be made at the following time: (1) for Documents, at the time of the production of the Documents; (2) for written

9

responses to interrogatories or requests for admission, at the time of the written response; and (3) for declarations, pleadings, or other court filings, at the time they are served or filed, subject to the Local Rules and any applicable Court order governing sealed or redacted filings.

(g) No person shall attend depositions (or portions of depositions) during which Confidential Discovery Materials are disclosed unless such person is an authorized recipient of Confidential Discovery Materials under the terms of this Order. If, during the course of a deposition, the response to a question would require the disclosure of Confidential Discovery Materials, the witness may refuse to answer or the Producing Party or Party whose Confidential Discovery Materials would be disclosed may instruct the witness not to answer or not to complete the answer, as the case may be, until any person not authorized to receive Confidential Discovery Materials leaves the room. If information disclosed during depositions includes Confidential Discovery Materials, then counsel, the witness, or the Party whose Confidential Discovery Materials are to be or were disclosed may state on the record at the deposition that a portion of the transcript, or if appropriate, the entire transcript and record of the deposition contains Confidential Discovery Materials and shall be sealed in compliance with the Local Rules and any applicable Court order. If the information qualifies for sealing without an order under the United States District Court for the Northern District of Florida's Local Rule 5.5(B) because the information is protected by statute,

10

court rule, or administrative order, the Party may submit the information under seal without leave of the Court. Otherwise, the Party must move to file the information under Local Rule 5.5(C) or, where feasible, file a redacted version that will become part of the public file in accord with Local Rule 5.5 (D). Additionally, a Party may designate such Confidential Discovery Materials in writing within 30 days of the completion of the transcript of such deposition (as certified by the court reporter). Prior to the expiration of such 30-day period, all information disclosed during a deposition shall be treated as Confidential unless otherwise agreed by the Parties and the witness, or ordered by the Court.

(h)    It shall be the duty of the Party seeking protection of Confidential Discovery Materials to indicate to the other Party and its counsel of record which of the materials and testimony are considered Confidential.

(i)    Confidential Discovery Materials shall not be disclosed in any way to persons, other than as provided for under this Order. Any person with custody of Confidential Discovery Material shall maintain it in a manner which ensures that access to Confidential Discovery Materials is strictly limited to persons entitled to receive Confidential Discovery Materials in accordance with the provisions of this Order.

3.    **Use of Confidential Discovery Materials.**

(a)    All Confidential Discovery Materials shall be used by the Receiving Party or any other person receiving Confidential Discovery

11

Materials solely for the prosecution or defense of the Action, and not for any other purpose. This Order shall not prevent or restrict the use of any materials obtained outside the course of discovery in the Action, even if those same materials have also been produced in the course of the Action and deemed Confidential Discovery Materials.

(b)    The terms of this Order shall in no way affect the right of any person to withhold information on alleged grounds that such information is protected by any applicable privilege or because it is not proportionate or reasonably calculated to lead to the discovery of admissible evidence.

4.    **Non-Disclosure of Confidential Discovery Materials.**  Except with the prior written consent of the Producing Party, Confidential Discovery Materials, or any portion thereof, may not be disclosed to any person, except as set forth in Sections 5 and 9 below.

5.    **Permissible Disclosures of Confidential Discovery Materials.**

(a)    Confidential Discovery Materials designated as "Confidential" may be disclosed to and used only by the following persons involved in the Action and only to the extent necessary for the prosecution or defense of the Action:

(i)    Parties to the Action, including their appointed employees, representatives, and agents (but not including persons who meet the criteria of Section 5(a)(iv), in-house counsel, counsel of record,

12

consultants, or contractors listed in Sections 5(a)(ii), (iii), (vi), and (vii));

(ii)  In-house counsel for a Party having direct responsibility for, working directly on, or testifying in connection with, the Action and their secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the Action;

(iii)  Counsel of record for a Party and their partners, associates, secretaries, paralegal assistants, and employees;

(iv)  Persons shown on the face of the Confidential Discovery Material to have authored or received it (not including a person who received the Document only in the course of litigation);

(v)  Court officials involved in the Action, including the Court and its staff, jurors, court reporters, persons operating video equipment at depositions, and any person conducting Alternative Dispute Resolution, as agreed upon by the Parties;

(vi)  Outside consultants or experts retained by a Party or its counsel of record to assist in this Action,

13

including, without limitation, independent contract attorneys, expert witnesses, or other technical experts and/or consultants;

(vii)   Employees of third-party contractors retained by a Party or its counsel of record, involved solely in one or more aspects of copying, organizing, filing, coding, converting, translating, storing, or retrieving data or designating programs for handling data connected with the Action, including the performance of such duties in relation to a computerized litigation support system;

(viii)  Insurers; and

(ix)    Any other person, if consented to in writing in advance by the Producing Party.

(b)     Confidential Discovery Materials designated as "Highly Confidential – Attorneys' Eyes Only" may not be disclosed to or used by persons listed in Section 5(a)(i), and may be disclosed to and used only by persons listed in Section 5(a)(ii)-(ix).

(c)     Upon agreement of the parties or order of the Court, specific Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only"  that is reasonably necessary for witness preparation, deposition

14

preparation, mediation, settlement evaluation, or trial preparation may be disclosed to a party subject to such additional safeguards as the Court may impose.

(d)    Any individual listed in Section 5(a)(vi)-(ix) to whom Confidential Discovery Materials are disclosed shall sign a copy of the "Endorsement of Protective Order," attached as Attachment A, prior to such disclosure, unless the Producing Party has given prior written consent for the disclosure or the Court has given permission for such disclosure. Counsel providing access to Confidential Discovery Materials shall retain copies of the executed Endorsement(s) of Protective Order.

**6.    Discovery Materials Subject to Claimed Federal Restrictions.**

(a)    Nothing in this Order shall be construed to require a Party to produce records or information if production is prohibited by federal statute, regulation, court order, or a written directive issued by a governmental agency having lawful authority over such records.

(b)    A Party withholding materials under this Section shall exercise reasonable diligence in obtaining any necessary agency determination, authorization, or approval for disclosure. If the agency authorizes or approves disclosure of any such materials, the withholding Party shall promptly supplement its production of Discovery Materials consistent with the agency's determination and any applicable conditions imposed by the agency or the

15

Court.

(c)     Unless prohibited by law or written agency instruction, the Party shall produce all reasonably segregable portions of responsive materials that are not subject to the asserted restriction.

(d)     The Parties shall confer in good faith regarding the status and anticipated timing of any pending request for agency guidance, determination, authorization, or approval. Nothing in this section shall require production before any agency determination, authorization, or approval that the withholding Party reasonably and in good faith believes is necessary to permit disclosure.

7.     **Production of Confidential Materials by Non-Parties.**  Any non-party who produces Discovery Materials in this Action may agree to and obtain the benefits of this Order by designating as "Confidential" or as "Highly Confidential -Attorneys' Eyes Only" the Discovery Materials that the non-party is producing, as set forth in Section 2.

8.     **Inadvertent Disclosures.**

(a)     Information Subject to a Claim of Privilege or Work-Product Protection: The inadvertent production of any Discovery Materials subject to a claim of privilege or work-product protection shall not constitute a waiver of the applicable privilege or doctrine. To the extent that any Receiving Party discovers the inadvertent production of materials reasonably

16

believed to be subject to a claim of privilege or work-product protection, it shall contact the Producing Party regarding such inadvertent production within seven days of its discovery. To the extent the Producing Party discovers the inadvertent production of privileged materials reasonably believed to be subject to a claim of privilege or work-product protection, it shall contact all Receiving Parties regarding such inadvertent production within seven days of its discovery. The Party in possession of any inadvertently produced Discovery Materials, upon request from the Producing Party, shall: (1) promptly return the inadvertently produced Discovery Materials and all copies of the Discovery Materials in its possession, custody or control, including any copies made and/or shared with its experts, consultants, agents and other persons identified in Section 5(a)(vi)-(ix) above; (2) delete any electronic copies or versions of the inadvertently produced Discovery Materials, including electronic copies stored in any litigation-support or other databases, e-mail, and servers; (3) refrain from making any use of the inadvertently produced information contained in the Discovery Materials; (4) turn over or destroy any notes or work product reflecting the contents of the inadvertently produced Discovery Materials; and (5) certify compliance with this provision. To the extent the party in possession of the inadvertently produced Discovery Materials disagrees with the Producing Party that such materials are privileged or otherwise protected from disclosure, the Receiving Party shall then have the right to apply to the Court for an order that such Discovery Materials are not

17

protected from disclosure by any privilege. The Party receiving such materials, however, may not assert the fact or circumstances of the inadvertent production as a ground for such motion. Until the Parties have resolved any dispute concerning the privileged nature of any inadvertently produced Discovery Materials, or the Court has issued an order concerning the disputed materials, no use shall be made of the disputed materials during depositions, in motions, or at trial, nor shall they be disclosed to any other Party or individual who was not given access to such materials before discovery of the inadvertent production.

(b)    Confidential Information: The inadvertent, unintentional, or *in camera* disclosure of Confidential Discovery Materials shall not be deemed a waiver, in whole or part, of any Party's claim of confidentiality. Within 15 days of the discovery of such inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the information is to be designated as Confidential Discovery Material under the terms of this Order.

**9.    Disputes Regarding Confidentiality Designations.**

(a)    Nothing shall prevent the disclosure beyond that permitted under this Order if the Producing Party consents in writing in advance of such disclosure.

(b)    If at any time a Party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a

18

designation of discovery materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" made hereunder, such person shall notify the Producing Party of such dispute, in writing, identifying with specificity (including exact Bates number(s) if applicable) the discovery materials in dispute. The Producing Party shall respond in writing within 14 days of receiving such notification. The disputing party shall have 10 days to either accept or reject the Producing Party's explanation.

(c)     If the parties are unable to resolve the dispute amicably, the Party disputing the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation may petition the Court for a ruling that the designated information is not entitled to such status and protection and should be produced within 30 days of the Producing Party's response as provided in Section 8(b). If the challenging party fails to act within this timeframe, the objection to the information's designation is deemed waived..

(d)     The Producing Party bears the burden of establishing that any challenged designation is proper. For any challenged "Highly Confidential – Attorneys' Eyes Only" designation, the Court may require the Producing Party to submit the designated material for in camera review together with a declaration explaining the specific harm that would result from disclosure to a party.

**10.    Confidential Discovery Materials in Depositions.**

(a)     Counsel for any Party may show Confidential Discovery

19

Materials to a deponent during deposition and examine the deponent about the materials so long as the deponent already knows the Confidential information contained therein, or if the attorney proffering the Confidential Discovery Materials complies with the provisions of Section 5. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential information not provided by them or the entities they represent unless they sign the Endorsement of Protective Order and otherwise comply with the provisions in Section 5. Deponents shall not retain a copy of any Confidential Discovery Materials used during their deposition, except the deponents may review (at Counsel's office or at the office of the court reporter transcribing the deposition) a copy of all exhibits marked at their depositions in connection with review of the transcripts. A deponent who is not a Party shall be furnished a copy of this Order before being examined about potentially Confidential Discovery Materials. While a deponent is being examined about any Confidential Discovery Materials or the Confidential information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.

(b)     Parties and deponents may, within 30 days after receiving a deposition transcript, designate portions of the transcript (and exhibits thereto) as Confidential or Highly Confidential – Attorneys' Eyes Only. Such designations for depositions shall be made either on the record or by written notice to the other party. Until expiration of the 30-day designation period, the

20

transcript and exhibits shall be treated as Confidential for purposes of disclosure and use under this Order, unless otherwise agreed by the Parties or ordered by the Court. A Party or deponent may designate specific portions of the transcript or exhibits as "Highly Confidential – Attorneys' Eyes Only" within the designation period if the requirements for that designation are met. If no Party or deponent timely designates Confidential information in a transcript as Confidential, then none of the transcript or its exhibits will be treated as Confidential. If a timely designation is made all copies of the designated portions and exhibits shall be treated as Confidential or Highly Confidential - Attorneys' Eyes Only pursuant to the terms of this Order.

11. **Filing Confidential Materials.** Documents, materials, and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be filed in the public record of this litigation unless leave to file under seal has been denied. To the extent that any information is filed with the Court, any pleadings, motions, or other papers containing such information shall be submitted to the Court in accordance with the Local Rules protecting such information. The fact that the entire transcript, material, or document is filed under seal shall not restrict any proper use that may be made of any part of such transcript, material, or document not designated as confidential.

12. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict any attorney from rendering advice to his or her client in

connection with this Action, and in the course thereof, relying generally on examination of Confidential Discovery Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosures of any Confidential information except pursuant to the procedures of Section 5.

13.    **Subpoena by Other Court or Agency.** If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify the designating Party in writing by providing a copy of the subpoena. In no event shall Confidential Discovery Materials be produced prior to the receipt of written notice by the designating Party and a reasonable opportunity to object. Furthermore, the person receiving the subpoena or other process shall reasonably cooperate with the Producing Party in any proceeding related thereto.

14.    **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this Action. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the U.S. District Court for the Northern District of Florida, for the purposes of enforcement of the confidentiality terms of this Order. Within 45 days after final conclusion of all aspects of the Action, if any, the Parties shall, at their option, return or destroy Confidential Discovery

22

Materials and all copies of same. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the Discovery Materials not more than sixty 60 days after final conclusion of the Action. For purposes of this Order, final conclusion shall be taken and construed as the date a dismissal (whether voluntary or involuntary) or final judgment is entered.

15. **Responsibility of Attorneys; Copies.** Attorneys of record are responsible for employing all reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of Confidential Discovery Materials, including abstracts and summaries thereof. Any copy provided to a person described in Section 5(a)(i)-(ii) or Section 5(a)(vi)-(ix) shall be returned to counsel of record or destroyed upon completion of the purpose for which such copy was provided.

16. **Retiring Counsel and/or Parties.** In the event a Party or its counsel ceases its involvement in this Action, including any appeal thereof, access by such person to the Parties' Confidential Discovery Materials and Confidential Documents shall be terminated. However, the provisions of this Order shall remain in full force and effect as to all persons who have obtained access to such Confidential Discovery Materials or Confidential Documents, in perpetuity.

17. **No Waiver of Rights or Implication of Discoverability**.

(a)    No disclosure pursuant to any provision of this Order shall

23

waive any rights or privileges of any Party granted by this Order.

(b)    This Order shall not enlarge or affect the proper scope of discovery in this Action; nor shall this order imply that Confidential Discovery Materials are properly discoverable, relevant, or admissible in the Action. Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Confidential Discovery Materials on any other ground it may deem appropriate.

(c)    The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection. Nothing in this Order shall prevent any Party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials at trial.

18.    **Modification Permitted.** Nothing in this Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order may be modified by stipulation among all Parties, approved by the Court or by application to the Court by noticed motion. The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative. Nothing in this Order shall be construed as a waiver of any rights by any Party with respect to matters not specifically provided for herein.

19.    **Improper Disclosure of Confidential Discovery Material.** Any

24

intentional violation of this Order may constitute contempt of Court, may be punishable as such, and may subject the offending Party or person to such sanctions and remedies as the Court deems appropriate.

20.    **Prompt Production of Previously Withheld Discovery.** Within fourteen (14) days after entry of this Order, each Party shall produce all non-privileged documents, electronically stored information, and other discovery materials, and any written discovery responses, that were previously withheld, in whole or in part, solely because the Producing Party asserted that production should await the entry of a protective order. No Party may continue to withhold responsive, non-privileged discovery on the ground that a protective order had not yet been entered.

*/s/Linda R. Norbut*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
THOMAS & LoCICERO PL
601 South Boulevard
Tamps, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com

*Counsel for Defendant Margo Schwadron*

*/s/ Jamie Ito*
Jamie Ito (FBN 13553)
ITO LAW, PLLC
411 Wilison Ave.
Tallahassee, FL 32303

*/s/ Nittaya Rossomondo*
Nittaya Rossomondo (FBN 0010351)
Thomas M. Eisman (FBN 1049577)
QUINTARIOS, PRIETO, WOOD & BOYER, P.A.
124 Marriott Drive, Suite 205
Tallahassee, FL 32301
Telephone: (850) 412-1042
nittaya.rossomondo@qpwblaw.com
thomas.eisman@qpwblaw.com

*Counsel for Defendant PEER*

Telephone: (850) 296-3717
jamie@itolaw.net

*Counsel for Plaintiff*

**SO ORDERED.**

**Entered:** _____        _____

                                            **Hon. United States District Judge**

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JEFFREY SHANKS,

     Plaintiff,

v.                                  Case No.: 4:26-cv-36-RH-MJF

MARGO SCHWADRON and
PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,

     Defendants.

_____

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

Name:_____

Company/ Firm Affiliation:_____

Address: _____

     I hereby certify that I have read the attached Stipulated Protective Order ("Protective Order") entered in the above-referenced action (the "Litigation") and agree to be bound by its terms, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I acknowledge that I cannot use any of the information that is the subject of this Protective Order for any other purpose except as set forth in this Protective Order, and not for any other purpose whatsoever. I will

27

employ reasonable measures to control duplication of, access to, and distribution of Confidential Discovery Materials, as defined in the Protective Order, and I will not reveal Confidential Discovery Materials to or discuss them with any person who is not entitled to receive Confidential Discovery Materials.

Further, I understand and agree that damages for any violation of the Protective Order are not an adequate remedy and that the appropriate remedy includes injunctive relief. I agree that the United States District Court for the Northern District of Florida has jurisdiction to enforce the terms of the Protective Order, and I consent to the personal jurisdiction of that Court in an action to enforce the terms of the Protective Order.

_____          _____
Signature                                Date

28